UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN IRIARTE CUETO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv1192 DRL-SJF |

OPINION AND ORDER

Immigration detainee Kevin Iriarte Cueto, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

This case has a complicated procedural history. Mr. Iriarte Cueto is a citizen of Venezuela who entered the United States without inspection in 2023 and was encountered soon after his crossing by United States Border Patrol agents near the United States-Mexico border in Texas [1-1]. He was served with a notice to appear on October 1, 2023, charging him with being removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, and was released on his own recognizance. He later filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) regarding a removal to Venezuela.

While his immigration case was pending, Mr. Iriarte Cueto was arrested by United States Immigration and Customs Enforcement (ICE) on September 18, 2025, pursuant to an administrative warrant after an arrest by local law enforcement in Missouri [1-1; 8-1]. In the

removal proceedings, the Department of Homeland Security (DHS) moved to pretermit his applications for relief, arguing that Mr. Iriarte Cueto was subject to the Agreement between the Government of the United States of America and the Government of the Republic of Ecuador Relating to the Transfer of Third-Country Nationals to Ecuador, 90 Fed. Reg. 51,376 (Nov. 17, 2025) (Ecuador ACA), and thus not eligible to apply for asylum, withholding of removal, or CAT protection in the United States. On January 8, 2026, an immigration judge found that the Ecuador ACA applied to Mr. Iriarte Cueto, making him ineligible to apply for asylum or other relief from removal, and ordered him removed to Ecuador.

Mr. Iriarte Cueto filed this habeas petition on August 12, 2026, arguing that his continued detention was unlawful because his removal was not reasonably foreseeable. After the petition was fully briefed, Mr. Iriarte Cueto informed the court of a new development in his immigration proceedings. DHS filed a motion to reopen with the immigration court, stating that it will not pursue removal to Ecuador and asked the court to reopen the proceedings [10-1]. DHS asked the immigration court to designate Venezuela as the country of removal and adjudicate Mr. Iriarte Cueto's applications for protection. On September 23, 2026, the immigration judge reopened the removal case, vacated the order of removal to Ecuador, designated Venezuela as the country of removal, pretermitted Mr. Iriarte Cueto's applications for protection after finding the four corners of the application failed to establish a *prima facie* case of eligibility, and ordered him removed to Venezuela without holding an evidentiary hearing. Mr. Iriarte Cueto appealed the removal order to the Board of Immigration Appeals (BIA).

In a supplemental response, the Warden argues that once the immigration judge granted the motion to reopen, the statutory basis for Mr. Iriarte Ceuto's detention shifted from 8 U.S.C. § 1231(a) to 8 U.S.C. § 1226(a), so his detention is governed by *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), which would entitle Mr. Iriarte Cueto to a custody redetermination hearing in immigration court. The Warden, however, argues that the court should dismiss the habeas petition because Mr. Iriarte Cueto did not exhaust his administrative remedies by filing a motion for a custody redetermination hearing (also called a bond hearing) in immigration court.

In his supplemental reply, Mr. Iriarte Cueto disputes whether he exhausted his administrative remedies. Specifically, before he was represented by counsel, he says he requested a bond hearing on December 8, 2025, and again on January 5, 2026, and the immigration court records still show a "Bond Requested Date" of December 8, 2025 [10-1]. Mr. Iriarte Cueto reports that he was told before his first bond request that the immigration court had no jurisdiction to hold a bond hearing. He says he filed a renewed motion for a bond hearing on October 11, 2026, and characterizes it as a supplement to the December 2025 request, not a new one. Therefore, he argues, he has exhausted his administrative remedies with a bond request that has been pending for more than ten months without a decision. He asks the court to order his release or, alternatively, order that a hearing occur within fourteen days.

Our circuit recently concluded that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *see also De Jesús Aguilar v. English*, No. 3:25cv898,

2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."); *cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (reading as a 2-1 decision in the result only and at times as a 1-1-1 decision in the rationale). In light of this decision, the Warden concedes that Mr. Iriarte Cueto's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized custody redetermination hearing. The Warden nevertheless argues that he must exhaust his administrative remedies before being granted habeas relief. Mr. Iriarte Cueto counters that he has tried to exhaust his administrative remedies, but the immigration court has unduly delayed a decision.

All agree that 8 U.S.C. § 1226 applies. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

Immigration officials issued a warrant for Mr. Iriarte Cueto's arrest. By statute, a noncitizen detained pursuant to a warrant may be released by the Attorney General (subject to certain statutory limitations that no one argues apply here), or he may be detained pending a decision on whether he will be removed from the United States. *See* 8 U.S.C. §§ 1226(a), (c). Our high court likewise has recognized the permissive nature of this language. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-27 (2021); *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A

noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Iriarte Cueto gives no reason to believe this process is insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The court has the same expectation of compliance for the petitioner—follow the rules. The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). But when "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a

matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

In light of *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that Mr. Iriarte Cueto is entitled to an individualized custody redetermination under *Cirrus Rojas*, and principles of judicial estoppel would impact the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). He does not need a finding from this court that he is covered by § 1226(a), because the circuit held as much as binding precedent, and the Warden agrees that his detention is governed by that statute.

In other circumstances, a motion for a custody redetermination that has been pending for more than ten months would give the court pause. But over those ten months, Mr. Iriarte Cueto's removal proceedings have undergone a circuitous route, including entry of a final removal order, an order to reopen proceedings, and then a new removal order that is currently being appealed. The Warden concedes that Mr. Iriarte Cueto is entitled to a bond hearing, and the court trusts that government counsel will take steps to ensure that his pending motions obtain a prompt ruling. Given the convoluted nature of his removal proceedings, the court cannot conclude today that Mr. Iriarte Cueto has been subject to unreasonable delay on his request for bond under § 1226(a), which was inapplicable during the time he was subject to a final removal order. From here, now that Mr. Iriarte Ceuto's

removal proceedings have been reopened and he has alerted the immigration court to his earlier pending requests, "unreasonable" delay in ruling on his motion for bond could provide grounds to excuse exhaustion at a later stage. *See Gonzalez*, 355 F.3d at 1016.

Mr. Iriarte Cueto points out that the agency cannot adjudicate his due process claim, but a petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and quotations omitted). If Mr. Iriarte Cueto is given a custody redetermination hearing, he may prevail; and, if not, he has administrative remedies available to challenge an adverse ruling. *See Z.G. v. Olson*, 834 F. Supp.3d 794, 801-02 (N.D. Ind. 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination); *see also Singh v. English*, No. 3:25cv1046, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) ("[D]iscretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary.") (citation omitted). A favorable ruling in the administrative proceedings could obviate the need to reach his due process claim or, at a minimum, alter its factual basis. *See Z.G.*, 834 F. Supp.3d at 801-02 (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised due process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due

process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings"). The court thus leaves the parties to follow their usual process under § 1226.

For these reasons, the court DISMISSES the petition [1] WITHOUT PREJUDICE for lack of exhaustion and DIRECTS the clerk to enter final judgment and close this case. The petitioner's motions [2, 17] seeking temporary restraining orders are DENIED as moot.

SO ORDERED.

November 2, 2026

*s/ Damon R. Leichty*
Judge, United States District Court